ALTON CARRIER, JR. V. STATE

No. 26,958. April 21, 1954
Appellant's Motion for Rehearing Denied
(Without Written Opinion) June 2, 1954

*Percy Foreman*, Houston, for appellant.

*Ewing Werlein*, District Attorney, *King C. Haynie*, Assistant District Attorney, Houston, and *Wesley Dice*, State's Attorney, Austin, for the state.

GRAVES, Presiding Judge.

Appellant was charged with robbery by assault and violence in that he took from the person and possession of N. H. Hooks the sum of $9,000.00 by putting the said N. H. Hooks in fear of his life and bodily injury.

The testimony shows that appellant entered the Seven-Eleven Country Market of N. H. Hooks in Houston, Texas, and by the exhibition of a pistol possessed himself of a large amount of money, and while within said store the appellant was apprehended by two peace officers.

There is a great deal of testimony relative to the amount of money that was taken. Nevertheless, there was a large amount of money, all of which may not yet have been recovered.

The appellant's story is that about 11:00 o'clock at night he was passing this Seven-Eleven store and reminded himself that he needed some cigarettes and that he had a ten-dollar bill; that prior to this time he had possessed himself of a pistol and had the same on his body as he entered the store. The store seems to have been closing up at that late hour of the night, and all the employees were gathered near the front thereof. The appellant's statement seems a little hazy as to why he should have demanded any sum of money except the change for this ten-dollar bill not shown to have been found upon his person at the time of his arrest within the store. During the holdup and conversation by the appellant with the employees of the store, a large amount of money was taken from the safe and put into a paper sack. Just at this portion of the transaction two peace officers showed up. Appellant attempted to flee from the store but was unable to extricate himself and was captured by them and his pistol found within the store.

The transaction about the purchase of cigarettes at that late hour of the night seems to have been discarded by the jury, and under the court's charge they found appellant guilty and fixed his punishment at confinement in the state penitentiary for life.

There is no brief filed by the appellant's attorneys, but in the motion for new trial complaint is made of many matters. We find twenty-eight informal bills of exception in the record, none of which have impressed us as having any serious bearing upon the appellant's guilt or innocence. Under the circumstances,

we do not feel inclined to search the entire record of 221 pages in an effort to find out of a multitude of objections one upon which the appellant seems to rely as showing error.

The statement of facts appears to have been agreed to by two attorneys representing the state and also by one attorney representing the appellant whose name otherwise never appears in the record and who seems to have taken no part in the trial hereof. Moreover, the two attorneys listed as appearing for the appellant during the trial did not sign, nor agree to, the statement of facts herein present, nor is the statement of facts approved by the trial judge. However, we have read the same and find no error evidenced therefrom.

The judgment of the trial court is therefore affirmed.